# Exhibit 10

ESTATE OF SHAFFER V. AMERICAN LIFTS, INC., 2004 WL 3201058 (2004)

2004 WL 3201058 (Ala.Cir.Ct.) (Verdict and Settlement Summary)

Copyright (c) 2012 Alabama Jury Verdict Reporter. All rights reserved.
Circuit Court of Alabama, Twenty-fifth Judicial Circuit, Marion County.

ESTATE OF SHAFFER v. AMERICAN LIFTS, INC.

03-28
DATE OF VERDICT/SETTLEMENT: November 17, 2004
TOPIC: PRODUCTS LIABILITY - A LABORER WAS CRUSHED TO DEATH WHEN A SCISSOR LIFT FELL ON HIM; THE LABORER'S ESTATE BLAMED THE TRAGEDY ON THE FAULTY DESIGN AND MANUFACTURE OF THE SCISSOR LIFT

**SUMMARY:**
Verdict: $2,500,000 for plaintiff
**ATTORNEYS:**

Plaintiff: Thomas P. Melton, IV and Thomas P. Willingham, *Alvis & Willingham*, Birmingham; and William H. Atkinson, *Fite Davis Atkinson Guyton & Burt*, Hamilton
Defendant: W. Scott McGarrah, III, *McGarrah & Davenport*, Birmingham; and Jeffery A. Mobley, *Lowe Mobley & Lowe*, Haleyville

JUDGE: John H. Bentley

RANGE AMOUNT: $2,000,000-4,999,999

STATE: Alabama
COUNTY: Marion

**FACTS:**
The summer of 2001 brought with it many changes in the life of Jonathan Shaffer, age 19. First, he and his 18 year-old bride, Tara, had just gotten married. Second, the couple had a new baby. Third, Jonathan started a new job as a laborer at a company called Premdor, Inc. located in Haleyville. Premdor was in the business of manufacturing doors.

Part of Premdor's manufacturing process involved the use of a hydraulically operated scissor lift to lower door parts into a five-foot deep pit where they underwent additional work. The scissor lift was manufactured by an Indiana company called American Lifts, Inc., a subsidiary of Yale Industrial Products, Inc.

On 8-3-01, Shaffer, who was now in only his third week of employment at Premdor and only his fourth week of marriage, was hard at work on the assembly line. At some point he became aware that debris from the door assembly process had accumulated in the pit. Shaffer climbed into the pit to clean out the debris. Just as he did so, something went wrong, and the scissor lift lowered onto him. Shaffer was crushed to death.

Worker's compensation paid Shaffer's funeral expenses of $6,342. Additionally, Tara was awarded weekly benefits in the amount of $186. As administratrix of Shaffer's estate, Tara sought further compensation from American Lifts, as well as a number of individuals. All the individual defendants were eventually dismissed *pro tanto*, and the case proceeded against American Lifts.

The estate criticized the design and manufacture of the scissor lift. The estate's engineering expert, Jack Hayes, offered the opinion that a hydraulic hose on the scissor lift had ruptured at the critical moment, and that was why the lift had lowered itself onto Shaffer. Had the lift been properly designed and manufactured, this would never have happened.

ESTATE OF SHAFFER V. AMERICAN LIFTS, INC., 2004 WL 3201058 (2004)

American Lift defended the case and denied any defects in the design or manufacture of the lift. Further, the company blamed the accident on Shaffer's own carelessness. The record does not identify any defense experts.

The estate countered that Shaffer was simply doing his job as he had been taught. Indeed, the evidence showed that non-party Premdor had previously been cited by OSHA for failing to instruct employees on how to enter the pit safely. It would thus hardly be reasonable to blame Shaffer for Premdor's lack of safety training.

The case was tried in Hamilton, and the jury returned a verdict for the estate in the amount of $2,500,000. The court applied a set-off of $225,000 due to the *pro tanto* settlements. Accordingly, the final judgment came to $2,275,000.

Alabama Jury Verdict Reporter
Circuit: Marion

End of Document © 2012 Thomson Reuters. No claim to original U.S. Government Works.